$400

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD GAZAK <br> 321 Stevens Street <br> Philadelphia, PA 19111, <br>     *Plaintiff,* <br> v. <br><br> SERGEANT FRANCIS BARCLAY #332 <br> *individually and in his official capacity* <br> 1515 Arch Street, 14th Floor <br> Philadelphia, PA 19102 <br>     and <br> POLICE OFFICER THOMAS R. FARRELL #6239 <br> *individually and in his official capacity* <br> 1515 Arch Street, 14th Floor <br> Philadelphia, PA 19102 <br>     and <br> POLICE OFFICER CHRISTOPHER MCCUE #2905 <br> *individually and in his official capacity* <br> 1515 Arch Street, 14th Floor <br> Philadelphia, PA 19102 <br>     and <br> DETECTIVE JOHN HUGHES #9048 <br> *individually and in his official capacity* <br> 1515 Arch Street, 14th Floor <br> Philadelphia, PA 19102, <br>     and <br> DETECTIVE JOSEPH CORRIGAN #9235 <br> *individually and in his official capacity* <br> 1515 Arch Street, 14th Floor <br> Philadelphia, PA 19102, <br>     *Defendants.* | JURY TRIAL DEMANDED <br><br> CIVIL ACTION NO. <br><br> 16    0177 |

## COMPLAINT

### INTRODUCTORY STATEMENT

1.    This is an action for compensatory and punitive damages sustained by a citizen of the United States against police officers of the Philadelphia Police Department who unlawfully committed assault and battery upon him, falsely arrested him, filed false charges against him in an attempt to cover up the officers' own wrong doing, falsely

imprisoned him, violated his civil rights, and as a result of their aforesaid conduct wrongfully kept him from being in the presence of and caring for his 90-year old mother who suffered from, among other things, dementia.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1), (3) and (4) and the aforementioned statutory and Constitutional provisions.

3.  Plaintiff, Richard Gazak further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law as they arise out of a common nucleus of operative facts.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.  Plaintiff, Richard Gazak is an adult individual who resides at 321 Stevens Street, Philadelphia County, Commonwealth of Pennsylvania.

6.  Defendant, Sergeant Francis Barclay, Badge #332, is and was at all times relevant to this Complaint, an officer of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania. The aforesaid defendant is being sued in both his individual and official capacity.

7.  Defendant, Police Officer Thomas R. Farrell, Badge # 6239, is and was at all times relevant to this Complaint, an officer of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office

located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania. The aforesaid defendant is being sued in both his individual and official capacity.

8. Defendant, Police Officer Christopher McCue, Badge #2905, is and was at all times relevant to this Complaint, an officer of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania. The aforesaid defendant is being sued in both his individual and official capacity.

9. Defendant, Detective John Hughes, Badge #9048, is and was at all times relevant to this Complaint, an officer of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania. The aforesaid defendant is being sued in both his individual and official capacity.

10. Defendant, Detective Joseph Corrigan, Badge #9235, is and was at all times relevant to this Complaint, an officer of the Philadelphia Police Department, an employee of the City of Philadelphia, and acting under color of state law, with an office located at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania. The aforesaid defendant is being sued in both his individual and official capacity.

11. At all times relevant hereto, defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, Police Officer Christopher McCue, Detective John Hughes, and Detective Joseph Corrigan were acting in the course and scope of their employment and under color of state law and authority.

## FACTS

12. On or about June 19, 2013 at approximately 11:55 p.m., plaintiff, Richard Gazak was lawfully present in the area of 321 Stevens Street, Philadelphia, Pennsylvania.

13. On the above referenced date and time, defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, and Police Officer Christopher McCue unlawfully assaulted and battered plaintiff, Richard Gazak, unlawfully detained him, caused criminal charges to be falsely lodged against him, and caused him to be falsely imprisoned.

14. Specifically, on the above referenced date, time, and location, defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, and Police Officer Christopher McCue came to the residence of plaintiff, Richard Gazak where he resided with his 90-year old mother, Vera Gazak who suffered from dementia, hallucinations, as well as other medical conditions, impairments, and disabilities, which caused her to need constant care from Mr. Gazak, hospice, and numerous other various medical providers.

15. Plaintiff, Richard Gazak was in the process of assisting his mother in going to the bathroom with a bed pan on her bed in her bedroom inside the aforesaid location.

16. Plaintiff, Richard Gazak's mother repeatedly tried to get up and stand, forgetting and/or not being aware of her inability to stand, ambulate, and/or otherwise physically maneuver her body without assistance; Mr. Gazak, knowing that his mother was physically unable to do move off of the bed and go to the bathroom on her own, advised his mother that she must remain in her bed and utilize the bed pan to go to the bathroom and continued to assist her in remaining in the bed and utilizing the bed pan to go to the bathroom by moving her feet and legs to keep her on the bed as she continually tried to get up.

17. During the aforesaid interaction between plaintiff, Richard Gazak and his mother, defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, and Police Officer Christopher McCue, arrived at the aforesaid residence claiming to respond

to a person yelling and further claim to have heard her yelling upon their arrival at the aforesaid location.

18. When plaintiff, Richard Gazak opened the front door of the aforesaid residence to allow the defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, and Police Officer Christopher McCue to enter the location, they forced their way into the residence and charged up the stairs to plaintiff's mother's bedroom

19. When defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, and Police Officer Christopher McCue forced their way into plaintiff, Richard Gazak's mother's bedroom, she was using a bed pan on her bed in her bedroom to go to the bathroom.

20. Plaintiff, Richard Gazak attempted to get into the room before defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, and Police Officer Christopher McCue entered his mother's bedroom so that he could cover her exposed body parts as she was using a bed pan on her bed to go to the bathroom.

21. Defendant, Police Officer Christopher McCue intentionally forced plaintiff, Richard Gazak to the ground as he attempted to assist his mother.

22. As plaintiff, Richard Gazak was on the ground, defendant, Police Officer Thomas R. Farrell held him down by placing his foot on Mr. Gazak's right upper thigh, then defendant, Police Officer Christopher McCue grabbed his t-shirt to pull him from the ground, ripped the t-shirt as he did so, spun Mr. Gazak around, and forcefully hand-cuffed Mr. Gazak.

23. Defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, and Police Officer Christopher McCue escorted plaintiff, Richard Gazak out of the aforesaid location; during this time, the defendant, Police Officer Christopher McCue repeatedly kicked Mr. Gazak and then forcefully shoved him out the door and placed him into a marked police vehicle.

24. As a result of the aforesaid vicious and unprovoked assault and battery at the hands of defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, and Police Officer Christopher McCue, plaintiff, Richard Gazak sustained contusions to the right buttocks, back pain, and headaches, all of which caused him unnecessary pain and suffering.

25. Subsequently, when plaintiff, Richard Gazak observed his mother being escorted out of the aforesaid location on a stretcher, he inquired of the defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, and Police Officer Christopher McCue, as well as others on the scene, where his mother was going to be transported to; when they advised him that she would be transported to Einstein Hospital, he requested that she be transported to Jeannes Hospital where she typically received treatment, but they refused.

26. Defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, and Police Officer Christopher McCue, or other individuals acting on their behalf, escorted plaintiff, Richard Gazak to the Second Police District where he was detained for 48 hours.

27. On or about June 19, 2013, defendants, Detective John Hughes and/or Detective Joseph Corrigan took the statement of plaintiff, Richard's Gazak's mother and treated it as reliable notwithstanding the fact that they knew or should have known that she suffered from dementia and any statements that she allegedly made were unreliable and should not have formed the basis of the filing of any Criminal Complaint against Mr. Gazak.

28. On June 20, 2013, notwithstanding that there was no probable cause to place plaintiff, Richard Gazak under arrest, defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, Police Officer Christopher McCue, Detective John Hughes, and Detective Joseph Corrigan, directly and/or indirectly, caused plaintiff, Richard Gazak

to be arrested and charged with the following criminal charges: Criminal Attempt – Murder, Aggravated Assault, Terroristic Threats with the Intent to Terrorize, Simple Assault, Recklessly Endangering Another Person, and Neglect of Care of a Dependent Person.

29. The aforesaid charges were based upon the filing of a fraudulent police report by defendants against plaintiff, Richard Gazak.

30. As a further result of the aforesaid conduct of defendants, plaintiff, Richard Gazak's bail was set at $75,000.00 with 10% to be posted.

31. Also as a result of the aforesaid conduct of defendants, plaintiff, Richard Gazak's was incarcerated for five (5) days at Curran Fromhold Correctional Facility

32. Subsequently, plaintiff, Richard Gazak's bail was posted and he was released on bail.

33. On September 26, 2013, plaintiff, Richard Gazak's preliminary hearing was held before the Honorable Karen Y. Simmons, at which time she discharged the charges of Criminal Attempt – Murder, Aggravated Assault, Terroristic Threats with the Intent to Terrorize, and Neglect of Care of a Dependent Person and remanded him for trial on the charges of Simple Assault and Recklessly Endangering Another Person.

34. On January 14, 2014, the Honorable David C. Shuter found plaintiff, Richard Gazak **NOT GUILTY** on the charges of Simple Assault and Recklessly Endangering another Person lodged against him.

35. At no time relevant hereto did plaintiff, Richard Gazak violate any laws or engage in any criminal behavior to justify the conduct of the defendants as directed to him.

36. At no time relevant hereto could or did defendants reasonably believe that their conduct toward plaintiff, Richard Gazak was lawful, privileged, or otherwise permissible under the laws or Constitutions of the United States and the Commonwealth

of Pennsylvania, or that the laws regarding the rights of citizens such as plaintiff was in any way unsettled.

37. The actions and/or inaction of defendants were committed deliberately, intentionally, maliciously, outrageously, willfully, wantonly, and constitute conduct so egregious as to shock the conscience.

38. Defendants engaged in the aforesaid conduct for the purpose of violating plaintiff, Richard Gazak's constitutional rights by subjecting him to excessive force and false arrest, malicious prosecution, and false imprisonment.

39. The actions and omissions of defendants deprived plaintiff, Richard Gazak of his precious rights, privileges and immunities secured unto him by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983; in particular, the right to be free from unreasonable force.

40. The actions and/or inaction of defendants were committed deliberately, intentionally, maliciously, outrageously, willfully, wantonly, and constitute conduct so egregious as to shock the conscience.

41. The damages suffered by plaintiff, Richard Gazak were the direct and proximate result of the conduct of defendants, jointly, severally, directly or vicariously.

42. As a result of the aforesaid, plaintiff, Richard Gazak has been and probably will in the future be obliged to spend of money for medicine and medical attention in endeavoring to treat and cure himself of injuries sustained.

43. As a further result of the aforesaid, plaintiff, Richard Gazak has suffered and will continue to suffer great mental anguish, physical pain, depression, nervousness, humiliation, personality change, and a loss of natural enjoyment of life and life's pleasures.

44. As a further result of the aforesaid, plaintiff, Richard Gazak has and may in the future be hindered and prevented from attending to his daily duties and occupation, to his great detriment and loss.

45. As a result of the conduct of defendants, plaintiff, Richard Gazak was forced to retain the services of counsel and incur legal costs and to appear in court on a number of occasions in connection with the defense of false and fraudulent criminal charges lodged against him.

46. As a direct and proximate result of the defendants' unwarranted, illegal and unconstitutional actions, plaintiff, Richard Gazak was unlawfully incarcerated and falsely imprisoned for approximately seven days.

47. As a direct and proximate result of the defendants' unwarranted, illegal and unconstitutional actions, plaintiff, Richard Gazak was unlawfully prohibited from having contact with his mother for almost approximately 1 year.

48. As a direct and proximate result of the defendants' unwarranted, illegal and unconstitutional actions, plaintiff, Richard Gazak was unlawfully prohibited from managing his mother's finances and general affairs for almost approximately one year.

49. As a direct and proximate result of the defendants' unwarranted, illegal and unconstitutional actions, plaintiff, Richard Gazak sustained the injuries as stated aforesaid, fear, horror, depression, humiliation, nervousness, and chagrin, as well as mental and emotional distress, and a loss of natural enjoyment of life and life's pleasures.

50. As a result of the conduct of defendants, plaintiff, Richard Gazak was forced to retain the services of counsel and incur legal costs and to appear in court on a number of occasions in connection with the defense of false and fraudulent criminal charges lodged against him.

51. As a result of the conduct of defendants, plaintiff, Richard Gazak was forced to retain the services of counsel and incur legal costs and to appear in court on a

number of occasions in connection with the matter involving his mother and his being removed as her guardian and caretaker.

## COUNT I
## PLAINTIFF, RICHARD GAZAK V. ALL DEFENDANTS
## CIVIL RIGHTS VIOLATIONS

52. The allegations set forth in the preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

53. As a direct and proximate result of the actions and omissions of all defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, Police Officer Christopher McCue, Detective John Hughes, and Detective Joseph Corrigan, plaintiff, Richard Gazak was deprived of precious rights, privileges, and immunities secured unto him by the laws and Constitution of the United States.

54. All defendants, together and/or with others, conspired to violate and/or did violate the constitutional rights of plaintiff, Richard Gazak.

55. The actions of all defendants deprived plaintiff, Richard Gazak of the equal protection of the laws and their rights, privileges and immunities under the laws and the Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof and in violation of 42 U.S.C. § 1983; his right to be free from the use of excessive force, to be secure in his person and property, his right to be free from the unlawful detention, to be secure in his person and property, to be free from unlawful seizure of her person and from false arrest, to due process of law, all to plaintiff, Richard Gazak's great detriment and loss.

56. By these actions, all defendants deprived plaintiff, Richard Gazak of the rights secured unto him by the Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof and in violation of 42 U.S.C. § 1983.

57. The aforesaid conduct of all defendants was committed alone, together, and in conspiracy with one another.

**WHEREFORE**, plaintiff, Richard Gazak demands judgment against defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, Police Officer Christopher McCue, Detective John Hughes, and Detective Joseph Corrigan, jointly and severally, in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

### COUNT II
### PLAINTIFF, RICHARD GAZAK V. ALL DEFENDANTS
### ASSAULT AND BATTERY

58. The allegations set forth in the preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

59. As a direct and proximate result of the actions and omissions of defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, and Police Officer Christopher McCue, plaintiff, Richard Gazak was placed in fear of imminent offensive and unpermitted touching and intrusions upon his person.

60. As a direct and proximate result of the actions and omissions of defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, and Police Officer Christopher McCue, defendants, plaintiff, Richard Gazak suffered offensive and unpermitted touching and intrusions upon his person.

61. The actions and omissions of defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, and Police Officer Christopher McCue, as alleged in the preceding paragraphs, were done purposefully with the intent of committing assault and battery and/or were done in reckless disregard of the probability of causing plaintiff,

Richard Gazak to suffer an assault and battery and these actions did in fact result in an assault and battery, all to her great detriment and loss.

**WHEREFORE**, plaintiff, Richard Gazak demands judgment against defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, Police Officer Christopher McCue, Detective John Hughes, and Detective Joseph Corrigan, jointly and severally, in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

### COUNT III
### PLAINTIFF, RICHARD GAZAK V. ALL DEFENDANTS
### MALICIOUS PROSECUTION AND
### MALICIOUS ABUSE OF PROCESS OF LAW

62. The allegations set forth in the preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

63. At all times revenant hereto, all defendants, acting within the course and scope of their employment, wrongfully, unlawfully and maliciously prosecuted plaintiff by issuing a complaint which charged him with false and fictitious crimes as stated above.

64. The actions of all defendants, as alleged in the preceding paragraphs, were done purposefully with the intent of committing malicious prosecution and malicious abuse of process of law, or were done in reckless disregard of the probability of causing malicious prosecution and malicious abuse of process of law, and these actions did in fact result in malicious prosecution and malicious abuse of process of law, all to plaintiff's great detriment and loss.

**WHEREFORE**, plaintiff, Richard Gazak demands judgment against defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, Police Officer Christopher McCue, Detective John Hughes, and Detective Joseph Corrigan, jointly and severally, in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, plus

interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

## COUNT IV
### PLAINTIFF, RICHARD GAZAK V. ALL DEFENDANTS
### FALSE ARREST AND FALSE IMPRISONMENT

65. The allegations set forth in the preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

66. All defendants arrested and/or caused the arrest of plaintiff, Richard Gazak without probable cause, caused criminal proceedings to be commenced and continued against plaintiff with malice and without probable cause, as a result thereof plaintiff was falsely imprisoned.

66. All defendants caused criminal proceedings to be commenced and continued against plaintiff to accomplish a purpose for which criminal process was not designed.

68. As a direct and proximate result of the actions and omissions of all defendants, plaintiff, Richard Gazak was falsely arrested and falsely imprisoned.

69. The actions and omissions of all defendants, were done purposefully with the intent of committing false arrest and false imprisonment and/or were done in reckless disregard of the probability of causing plaintiff to be falsely arrested and falsely imprisoned and these actions did in faction result in false arrest and false imprisonment, all to plaintiff's great detriment and loss.

**WHEREFORE**, plaintiff, Richard Gazak demands judgment against defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, Police Officer Christopher McCue, Detective John Hughes, and Detective Joseph Corrigan, jointly and severally, in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

## COUNT V
## PLAINTIFF, RICHARD GAZAK V. ALL DEFENDANTS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70. The allegations set forth in the preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

71. As a direct and proximate result of the reckless and intentional conduct of all defendants as described above, plaintiff, Richard Gazak has suffered substantial mental pain and suffering and severe emotional distress and injury.

**WHEREFORE**, plaintiff, Richard Gazak demands judgment against defendants, Sergeant Francis Barclay, Police Officer Thomas R. Farrell, Police Officer Christopher McCue, Detective John Hughes, and Detective Joseph Corrigan, jointly and severally, in an amount in excess of one hundred and fifty thousand ($150,000.00) dollars, plus interest, costs, punitive damages, attorneys' fees and such other and further relief as this Honorable Court deems appropriate.

**LAW OFFICES OF HOLLY C. DOBROSKY**

Dated: January 14, 2016

_____
Holly C. Dobrosky, Esquire
Identification No. 65917
Attorney for Plaintiff, Richard Gazak
100 South Broad Street, Suite 1120
The Land Title Building
100 South Broad Street
Philadelphia, PA 19110
Telephone: 215-880-7871
Email: HDobrosky@hotmal.com

## JURY TRIAL DEMAND

Plaintiff, Richard Gazak demands a trial by jury as to each count.

**WHEREFORE**, plaintiff, Richard Gazak requests the following relief, as to each cause, count and defendant:

a) compensatory damages in excess of $150,000.00;
b) punitive damages;
c) reasonable attorneys fees and costs; and
d) such further relief as the Court shall deem just and proper.

**LAW OFFICES OF HOLLY C. DOBROSKY**

Dated: January 14, 2016

_____
Holly C. Dobrosky, Esquire
Identification No. 65917
Attorney for Plaintiff, Richard Gazak
100 South Broad Street, Suite 1120
The Land Title Building
100 South Broad Street
Philadelphia, PA 19110
Telephone: 215-880-7871
Email: HDobrosky@hotmal.com

## VERIFICATION

I, Richard Gazak, hereby verify that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of the undersigned. I verify that the facts set forth in the within pleading are true and correct to the best of my information, knowledge, and belief. To the extent that the contents of the within pleading are that of counsel, verifier has relied upon counsel in making this Verification. This Verification is made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: 1/10/16

_____
Richard Gazak

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Richard Gazak

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Holly C. Dobrosky Esquire
100 South Broad St Suite 1120
Phila. PA 19110

## DEFENDANTS
Sergeant Francis Barclay #332 and et. al.

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
n/a

16 0177

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property |  | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1983, ET. seq.

Brief description of cause:
Civil rights violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** $150,000+
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER: JAN 14 2016

DATE: 1/14/16
SIGNATURE OF ATTORNEY OF RECORD: Holly Dobrosky
S.T.

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Richard Gazak  321 Stevens street Philadelphia PA 19111

Address of Defendant: Sergeant Francis Barclay #332  1515 Arch street 14th fl. Phila PA 19102

Place of Accident, Incident or Transaction: 321 Stevens street Philadelphia PA 19111

*(Use Reverse Side For Additional Space)*

2016 JAN 14 P 11:48

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: n/a    Judge: n/a    Date Terminated: n/a

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Holly C. Dobrosky Esquire, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 1/14/16        Holly C Dobrosky        65917
                     Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JAN 14 2016

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/14/16        Holly C Dobrosky        65917
                     Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Richard Gazak                           :          CIVIL ACTION
                v.                      :
Sergeant Francis Barclay                :
              # 332                                NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                      (X)

1/14/16                 Holly Dobrosky              Richard Gazak
**Date**                **Attorney-at-law**         **Attorney for**

(215) 880-7871          215-750-1494                Hdobrosky@hotmail.com
**Telephone**           **FAX Number**              **E-Mail Address**


(Civ. 660) 10/02

JAN 14 2016